UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

**CYNTHIA DUPREE**,                                     Civil Case No. 3:14-CV-00179-KI

                    Plaintiff,

                                                        OPINION AND ORDER

          v.

**HARRINGTON, ANDERSON & DeBLASIO**,

                    Defendants.


          Joshua R. Trigsted
          Trigsted Law Group, P.C.
          5200 SW Meadows Road, Suite 150
          Lake Oswego, Oregon  97035

                    Attorney for Plaintiff

          Peter D. Eidenberg
          Keating Jones Hughes, P.C.
          One SW Columbia, Suite 800
          Portland, Oregon  97258

                    Attorneys for Defendant

Page 1 - OPINION AND ORDER

KING, Judge:

After a contentious time litigating her Fair Debt Collection Practices Act ("FDCPA") claim, plaintiff accepted defendant's Offer of Judgment for damages in the amount of $1,401. Litigation of the merits of the claim required my intervention to resolve a discovery dispute. Counsel was also unable to agree on attorney fees or costs as part of the Offer of Judgment, leaving the issue to me. Before the court is Plaintiff's Motion for an Award of Attorney Fees and Costs [32] and Bill of Costs [34].

## LEGAL STANDARDS

The FDCPA provides that any debt collector who violates its provisions is liable "in the case of any successful action . . . [for] the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). The award of fees is mandatory under the Act. Evon v. Law Offices of Sidney Mickell, 688 F.3d 1015, 1032 (9th Cir. 2012). In addressing a petition for attorney fees, the court must first determine the "lodestar" amount by multiplying the number of hours reasonably spent on the litigation by a reasonable hourly rate. Id. at 1033 n.11. The district court may adjust the lodestar figure upward or downward after considering twelve "reasonableness" factors:

> (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

Id.

**DISCUSSION**

I.    <u>Attorney Fees</u>

Plaintiff seeks attorney fees in the amount of $11,686, calculated as 42.10 hours incurred by counsel at the rate of $250 per hour and 8.6 hours incurred by counsel's paralegal at the rate of $135 per hour.  Defendant raises several arguments against a full award of fees.

Defendant objects to the $250 per hour rate, arguing that plaintiff's counsel has an office in Lake Oswego, not in downtown Portland, and thus in the 2012 OSB Economic Survey, he should be compared to the rates for attorneys practicing in the Tri-County region rather than attorneys practicing in Portland.  The Survey defines the Downtown Portland region to include only eleven ZIP codes located in the core of downtown Portland and the Pearl; the Survey defines the Tri-County region as the remainder of Portland and Multnomah Counties, plus Clackamas and Washington Counties.  Plaintiff's counsel definitely practices in the Tri-County area as defined by the Survey.  I agree with defendant that it is more appropriate to use the Tri-County region when consulting the Survey.

For attorneys with seven to nine years of experience practicing in the Tri-County region, like plaintiff's counsel, the average hourly rate is $209 and the median is $200.  Plaintiff's requested rate of $250 is somewhere between the 75th and 95th percentile.  I see nothing to justify the higher rate, so I will use the median hourly rate of $200.

Defendant contends the $135 hourly rate for the paralegal is far above national average. Defendant provides a Compensation Survey Report from NALA, the Association of Legal Assistants and Paralegals, which shows the average hourly rate for a person with seven years of

experience, as in this case, is $113. Plaintiff provides nothing to support a higher rate, so I will use $113 per hour.

Defendant argues plaintiff should not recover fees or costs incurred after January 23, 2014, the date of defendant's final pre-litigation offer to settle the case for $400.22 in damages plus $1,000 in attorney fees. By that date, plaintiff's counsel had billed 5.5 hours plus $82.30 in paralegal time. Defense counsel expressed a willingness to negotiate if plaintiff's counsel would provide additional information, but defense counsel contends plaintiff's counsel unreasonably chose instead to cut off negotiations altogether.

Plaintiff's counsel was able to obtain a slightly better settlement for his client by continuing to court. Moreover, he was convinced she suffered actual damages beyond the statutory amounts. I do not fault plaintiff's counsel for filing the Complaint in an effort to improve his client's situation, and I will not cut off attorney fees at the date of the final pre-litigation offer.

Defendant argues plaintiff should not recover fees for clerical work. Clerical tasks such as filing, obtaining transcripts, and organizing documents should be subsumed in a firm's overhead and are not recoverable as fees. Nadarajah v. Holder, 569 F.3d 906, 921 (9th Cir. 2009). Defendant asks me to strike the fees sought for 2.1 hours of counsel's time and 6.7 hours of the paralegal's time.

After reviewing defendant's detailed chart, Eidenberg Decl. Ex. 16, ECF No. 36-16, I agree that most of the reductions defendant seeks concern clerical tasks. I will, however, allow recovery of fees for the following items in the chart: 0.1 hour for October 30, 2013; 0.8 for January 28, 2014; 0.5 for February 3, 2014; 0.2 for June 27, 2014; 0.2 for August 6, 2014; 0.4 for

September 4, 2014; and 0.1 for October 30, 2014.  This results in a total reduction for counsel of

1.3 hours and a total reduction for the paralegal of 5.2 hours, bringing the number of hours

sought to 40.8 hours for counsel and 3.4 hours for the paralegal.

Defendant also seeks a reduction of 2.5 hours for unreasonable time expended on a few

tasks:  responding to three emails, last-minute drafting of a motion to amend the complaint which

was never filed, and briefing the motion for attorney fees which is similar to motions plaintiff

filed in other cases.  I decline to make these reductions because I intend to use a different analysis

to address the issue of unreasonable time expended.

Plaintiff's counsel frequently conducted himself in an argumentative and unprofessional

manner during the litigation of plaintiff's claim.  A few examples:

> – An email to opposing counsel dated July 18, 2014 stating, "I'm not
> wasting my time talking to you.  I've told you to set up a phone conference with
> the judge, but you are too stupid to take that advice.  I hope to see you
> sanctioned."  Eidenberg Decl. Ex. 6, at 1.

> – An August 20, 2014 telephone conference with myself and both counsel
> during which plaintiff's counsel informed me that no federal judge had ever told
> him not to call opposing counsel stupid.

> – An email to opposing counsel dated November 11, 2014 stating in part,
> "$2600 for fees AND costs?  Really?  What is your bill for what you've done so
> far in this case?"  Id. Ex. 9.

This court has adopted a Statement of Professionalism which includes the following

ideas:

> – "Professionalism fosters respect and trust among lawyers and between
> lawyers and the public, promotes the efficient resolution of disputes, simplifies
> transactions, and makes the practice of law more enjoyable and satisfying."

> – General Guideline 1.3:  "We will conduct our practice in a courteous,
> fair, and respectful manner."

Page 5 - OPINION AND ORDER

– General Guideline 1.11: "We will avoid unjust and improper criticism and personal attacks on opponents, judges, and others and will refrain from asserting untenable positions."

Statement of Professionalism and Notice of Rule 83-6, http://www.ord.uscourts.gov/index.php/court-policies-517/statement-of-professionalism (last visited Feb. 2, 2015).

The Oregon State Bar adopted a Statement of Professionalism with similar sentiments. Statement of Professionalism, http://www.osbar.org/_docs/forms/Prof-ord.pdf (last visited Feb. 2, 2015).

I am firmly convinced that unprofessional behavior toward opposing counsel results in unnecessary time being expended to get to the same result. It also makes everyone's life much more difficult than is necessary. For these reasons, I will reduce the time spent by plaintiff's counsel by forty percent–I award fees for plaintiff's counsel and his paralegal in the amount of $5,280.20.

II.    <u>Bill of Costs</u>

Other than its argument to award no fees or costs incurred after January 23, 2014, defendant does not object to plaintiff's request for costs in the amount of $705.65. The requested costs are all reasonable, and I award the full amount.

///

///

///

Page 6 - OPINION AND ORDER

**CONCLUSION**

Plaintiff's Motion for an Award of Attorney Fees and Costs [32] and Bill of Costs [34] are granted in part.  I award costs in the amount of $705.65 and attorney fees in the amount of $5,280.20.

IT IS SO ORDERED.

Dated this _____3rd_____ day of February, 2015.


                                    __/s/ Garr M. King_____
                                    Garr M. King
                                    United States District Judge

Page 7 - OPINION AND ORDER